UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE TOWN OF BROOKLINE,           )  04 12003 EFH
                    Plaintiff    )
                                 )  MAGISTRATE JUDGE Bowler
v.                               )  C.A. No. _____
                                 )
                                 )
THE UNITED STATES OF AMERICA,    )
DEPARTMENT OF THE NAVY,          )
NORTHEASTERN UNIVERSITY,         )
SASAKI ASSOCIATES, INC., AND     )
LEDGEWOOD CONSTRUCTION COMPANY, INC., )
                                 )
                    Defendants   )

RECEIPT # 58727
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. FOM
DATE 9/16/04

## COMPLAINT

### Parties

1. The plaintiff, Town of Brookline (hereinafter referred to as "Brookline"), is a municipal corporation having its usual place of business at 333 Washington Street, Brookline, Massachusetts.

2. Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley (hereinafter referred to as the "Firefighters"), are and at all times relevant to this matter were employed by Brookline as Firefighters.

3. The defendant, United States of America, (the "United States") oversees and is responsible for the operation of the helicopters used to transport the President of the United States, for training the pilots of the Presidential helicopters, for drilling landings for the Presidential helicopters; for preparing for such landing drills, for supervising such landing drills; and for control of such helicopters' operation.

4. Defendant Department of the Navy ("Navy") is a department of the defendant United States through Marine Helicopter Squadron One, HMX-1, oversees and is responsible

for the operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills, for supervising such landing drills; and for control of such helicopters' operation.

5. Defendant Northeastern University is a Massachusetts University with a principal place of business in Boston, Massachusetts.

6. Defendant Sasaki Associates, Inc., is a Massachusetts corporation with a principal place of business in Watertown, Massachusetts.

7. Defendant Ledgewood Construction Company, Inc. is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

## Jurisdiction

8. This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. s. 1346(b).

9. This Court has jurisdiction over the claims against the Department of the Navy pursuant to 28 U.S.C. s. 1346(b).

10. This Court has supplemental jurisdiction over Sasaki Associates, Inc. pursuant to 28 U.S.C. s. 1367(a).

11. This Court has supplemental jurisdiction over Ledgewood Construction Co., Inc. pursuant to 28 U.S.C. s. 1367(a).

12. The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

## Factual Allegations

13. On January 5, 2002, a number of Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline.

14. Coordinated by members of HMX-1, this rehearsal landing was planned in preparation for President George W. Bush's January 8, 2002 arrival in the area.

15. In connection with this rehearsal landing, several members of the Brookline Fire Department, including the plaintiff Firefighters, were assigned to Northeastern University's Parsons Field in Brookline. The Firefighters were stationed on foot near a dugout building (the "dugout") on the field.

16. Parsons Field and the dugout near where the Firefighters were standing, are, and at all times relevant to these allegations were, owned and maintained by Northeastern University and were and are under Northeastern University's supervision and control.

17. At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the rehearsal landing approached the ground on Parson's field. As the helicopter neared the ground, its rotor wash blew the dugout from its supports and debris fell on and seriously injured the Firefighters.

18. As a result of the incident, the Firefighters suffered severe injuries and were incapacitated from their employment as Brookline Firefighters.

19. As part of a renovation project that took place in or around 2001, Sasaki Associates, Inc. (hereinafter referred to as "Sasaki") prepared plans that included removal and disposal of structures on and/or around Parsons Field, including the dugout.

20. The 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc., (hereinafter referred to as "Ledgewood").

21. At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

22. As a result of the aforesaid incident, the Firefighters were each caused to sustain severe personal injuries. Each of them has incurred and will incur significant expense for medical care, and each of them has

been incapacitated from their employment as Brookline Firefighters.

23. Pursuant to M.G.L. c. 41, section 100, Brookline has indemnified each of the Firefighters for their reasonable hospital, medical, surgical, nursing, pharmaceutical and other medical expenses and costs incurred as the natural and proximate result of the incident that occurred on January 5, 2002, at great expense and cost. A copy of M.G.L. c. 41, s. 100 is attached hereto as exhibit 1.

24. Pursuant to M.G.L. c. 41, s. 111F, Brookline has compensated and granted each of the Firefighters leave without loss of pay during the period of their incapacity, and has incurred great expense and cost in replacing them with other members of the Brookline Fire Department. A copy of M.G.L. c. 41, s. 111F is attached hereto as exhibit 2.

25. Brookline made an administrative claim for relief under the Federal Tort Claims Act to a number of Federal agencies including the Department of the Army, the United States Secret Service, and the Department of the Navy. The Department of the Navy was designated to investigate and decide the merits of the claim, and has denied Brookline's claim. A copy of the Department of the Navy's letter of denial dated March 24, 2004 is attached hereto and incorporated herein by reference as Exhibit 3.

<u>Count One</u>
(Negligence Against the United States)

Brookline repeats and realleges paragraphs 1 through 25 of this Complaint and make them paragraphs 1 through 25 of this Count One as if each were repeated in whole.

26. The Firefighters' injuries giving rise to Brookline's obligations under M.G.L. c. 41, s. 100 and 111F were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and attempted landing; and in the control of the helicopters' operation and of the drill, approach and attempted landing.

WHEREFORE, Brookline demands judgment against the United States.

### Count Two
(Negligence against the Department of the Navy)

Brookline repeats and realleges paragraphs 1 through 26 of this Complaint and make them paragraphs 1 through 26 of this Count Two as if each were repeated in whole.

27. The Firefighters' injuries giving rise to Brookline's obligations under M.G.L. c. 41, sections 100 and 111F were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and attempted landing; and in the control of the helicopters' operation and of the drill, approach and attempted landing.

WHEREFORE, Brookline demands judgment against the Department of the Navy.

### Count Three
(Negligence of Northeastern University)

Brookline repeats and realleges paragraphs 1 through 27 of this Complaint and make them paragraphs 1 through 27 of this Count Three as if each were repeated in whole.

28. The Firefighters' injuries giving rise to Brookline's obligations under G.L. c. 41, sections 100 and 111F were caused in whole or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parson's Field and the dugout, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Brookline demands judgment against Northeastern University.

## Count Four
### (Sasaki Associates, Inc.)

Brookline repeats and realleges paragraphs 1 through 28 of this Complaint and make them paragraphs 1 through 28 of this Count Four as if each were repeated in whole.

29. The Firefighters injuries giving rise to Brookline's obligations under G.L. c. 41, s. 100 and 111F were caused in whole or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parson's Field, including the dugout.

30. The Firefighters injuries giving rise to Brookline's obligations under M.G.L. c. 41, sections 100 and 111F were caused in whole or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parson's Field renovations, including the dugout.

WHEREFORE, Brookline demands judgment against Sasaki Associates, Inc.

## Count Five
### (Ledgewood Construction Company, Inc.)

Brookline repeats and realleges paragraphs 1 through 30 of this Complaint and make them paragraphs 1 through 30 of this Count Five as if each were repeated in whole.

31. The Firefighters' injuries giving rise to Brookline's obligations under G.L. c. 41, sections 100 and 111F were caused in whole or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parson's Field, including the dugout.

32. The Firefighters' injuries giving rise to Brookline's obligations under M.G.L. c. 41, section 100 and 111F were caused in whole or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parson's Field renovations, including the dugout.

WHEREFORE, Brookline demands judgment against Ledgewood Construction Company, Inc.

## Prayer for Relief

WHEREFORE, the plaintiff, Town of Brookline, prays this Honorable Court to:

1. Order the defendants, United States of America, Department of the Navy, Northeastern University, Sasaki Associates, Inc. and Ledgewood Construction Company, Inc., to jointly or severally pay Brookline all amounts for which Brookline has indemnified the Firefighters, Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelly, and all amounts that Brookline has paid or incurred as a result of the defendants' negligence and acts, including but not limited to, medical costs, compensation costs, injured on duty wages and replacement costs; and

2. Order such other and further relief as this Court deems meet and proper.

> THE TOWN OF BROOKLINE,
> By its Attorney:
>
> Joslin Murphy
> BBO No. 553471
> 333 Washington Street
> Brookline, MA 02446
> (617) 730-2190

Dated: September 15, 2004