# GENERAL LAWS OF MASSACHUSETTS

**PART I**
**ADMINISTRATION OF THE GOVERNMENT**

**TITLE VII.**
**CITIES, TOWNS AND DISTRICTS**

CHAPTER 41. OFFICERS AND EMPLOYEES OF CITIES, TOWNS AND DISTRICTS

**REGIONAL POLICE DISTRICTS**

**Chapter 41: Section 100 Indemnification of police officers, firemen and persons aiding them; actions for intentional or negligent injuries inflicted upon same**

Section 100. Upon application by a fire fighter or police officer of a city, town or fire or water district, or in the event of the physical or mental incapacity or death of such fire fighter or police officer, by someone in his behalf, the board or officer of such city, town or district authorized to appoint fire fighters or police officers, as the case may be, shall determine whether it is appropriate under all the circumstances for such city, town or district to indemnify such fire fighter or police officer for his reasonable hospital, medical, surgical, chiropractic, nursing, pharmaceutical, prosthetic and related expenses and reasonable charges for chiropody (podiatry) incurred as the natural and proximate result of an accident occurring or of undergoing a hazard peculiar to his employment, while acting in the performance and within the scope of his duty without fault of his own. If such board or officer determines that indemnification is appropriate, such board or officer shall certify for payment, either directly or by way of reimbursement, by such city, town or district, in the same manner as a bill lawfully incurred by such board or officer but out of an appropriation for the purposes of clause (32) of section five of chapter forty, such of said expenses as may be specified in such certificate. Whenever such board or officer denies an application in whole or in part, such board or officer shall set forth in writing its or his reasons for such denial and cause a copy thereof to be delivered to the applicant. At any time

within two years after the filing of an application as aforesaid, an applicant aggrieved by any denial of his application or by the failure of such board or officer to act thereon within six months from the filing thereof may petition the superior court in equity to determine whether such board or officer has without good cause failed to act on such an application or, in denying the application, in whole or in part, has committed error of law or has been arbitrary or capricious, or has abused its or his discretion, or otherwise has acted not in accordance with law. After due notice and hearing, such court may order such board or officer to act on such application or to consider, or further consider, and determine the same in conformity with law.

Notwithstanding the provisions of section one hundred A or section one hundred D or any contrary provisions of any other general or special law, a city or town shall indemnify a police officer or fire fighter, to the extent and in the manner herein provided and subject to the same limitations, for expenses or damages incurred by him in the defence or settlement of a claim against him for acts done by him while operating a motor vehicle as such police officer or fire fighter.

For the purposes of this section, call firemen and volunteer firemen shall be considered fire fighters. This section shall be construed to require a city, town or district to indemnify, in the manner and to the extent herein provided, any fire fighter or police officer who is assigned to special duty by a superior officer for expenses or damages sustained by such fire fighter or police officer in the performance of such duty, whether or not he is paid for such special duty by the city, town or district, or otherwise. This section shall also be construed to require a city, town or fire or water district to pay compensation, in the manner herein provided, for damages, including loss of pay, for personal injuries, whether or not death results, and for property damage sustained by a person while assisting a police officer thereof in the discharge of his duty upon his requirement, and to require a city, town or fire or water district to indemnity in the manner herein provided a person required to assist a police officer in the performance of his

duty for expenses or damages incurred by such person in the defence or settlement of an action against him for acts done by him while so assisting such police officer.

In any city which by ordinance shall so provide, the powers vested, and duties imposed, by this section upon the board or officer authorized to appoint police officers, firemen or members of the fire department of such city shall be exercised and performed by a majority of the members of a panel consisting of (a) such officer or the chairman of such board, (b) the city solicitor or other officer having similar duties or a person designated in writing by such solicitor or officer to act for him, and (c) such physician as the city manager or, if there is none, the mayor shall in writing appoint.

In any town which by by-law shall so provide, the powers vested, and duties imposed, by this section upon the board or officer authorized to appoint fire fighters in such town shall be exercised and performed by a majority of the members of a panel consisting of (a) such officer or the chairman of such board, (b) the town counsel or other officer having similar duties or a person designated in writing by such counsel or officer to act for him, and (c) such physician as the board of selectmen shall in writing appoint.

Where the injury for which any payment is made under the provisions of this section by a city, town or fire or water district for reasonable hospital, medical, surgical, chiropractic, nursing, pharmaceutical, prosthetic and related expenses and reasonable charges for chiropody (podiatry) was caused under circumstances creating a legal liability in some person to pay damages in respect thereof, either the person so injured or the city, town or fire or water district making such payment may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the city, town or fire or water district making such payment, unless the sum is greater than such payment, in the event the excess shall be retained by or paid to the person so injured. For the purposes of this section, ""excess" shall mean the amount by which the total sum received in payment for the injury, exclusive of

interest and costs, exceeds the amount paid under this section. The party bringing the action shall be entitled to any costs recovered by him. Any interest received in such action shall be apportioned between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively, exclusive of interest and costs. The expense of any attorney's fees shall be divided between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively.

Whoever intentionally or negligently injures a firefighter or police officer for which he is paid indemnification under this section shall be liable in tort to the city, town or fire or water district for the amount of indemnification so paid.