UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TOWN OF BROOKLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 04CV12003-EFH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LEDGEWOOD CONSTRUCTION
COMPANY, INC.'S ANSWER TO BROOKLINE'S COMPLAINT**

Defendant Ledgewood Construction Company, Inc. ( "Ledgewood") answers the

Complaint of the Town of Brookline ("Brookline") by stating as follows:

1.    Upon information and belief, Ledgewood admits the allegations in

paragraph one.

2.    Ledgewood is without sufficient information to form a belief as to the

truth of the allegations in paragraph two and therefore denies them.

3.    Ledgewood is without insufficient information to form a belief as to the

truth of the allegations in paragraph three and therefore denies them.

4.    Ledgewood is without sufficient information to form a belief as to the

truth of the allegations in paragraph four and therefore denies them.

5.    Ledgewood is without sufficient information to form a belief as to the

truth of the allegations in paragraph five and therefore denies them.

6.    Ledgewood is without sufficient information to form a belief as to the

truth of the allegations in paragraph six and therefore denies them.

Ledgewood admits the allegations in paragraph seven and therefore denies them.

7.    Admitted in part; denied in part.  It is admitted that Ledgewood is a
Massachusetts corporation. It is denied that Ledgewood's principal place of business is in
North Quincy.

8.    Ledgewood denies the allegations in paragraph eight as a conclusion of
law.

9.    Ledgewood denies the allegations in paragraph nine as a conclusion of
law.

10.    Ledgewood denies the allegations in paragraph ten as a conclusion of
law.

11.    Ledgewood denies the allegations in paragraph eleven as a conclusion of
law.

12.    Ledgewood denies the allegations in paragraph twelve as a conclusion of
law.

13.    Ledgewood is without sufficient information to form a belief as to the
truth of the allegations in paragraph thirteen and therefore denies them.

14.    Ledgewood is without sufficient information to form a belief as to the
truth of the allegations in paragraph fourteen and therefore denies them.

15.    Ledgewood is without sufficient information to form a belief as to the
truth of the allegations in paragraph fifteen and therefore denies them.

16.    Ledgewood is without sufficient information to form a belief as to the
truth of the allegations in paragraph sixteen and therefore denies them.

17.    Ledgewood is without sufficient information to form a belief as to the

2

truth of the allegations in paragraph seventeen and therefore denies them.

18.    Ledgewood is without sufficient information to form a belief as to the truth of the allegations in paragraph eighteen and therefore denies them.

19.    Ledgewood is without sufficient information to form a belief as to the truth of the allegations in paragraph nineteen and therefore denies them.

20.    Ledgewood denies the allegations in paragraph twenty.

21.    Ledgewood is without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-one and therefore denies them.

22.    Ledgewood is without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-two and therefore denies them.

23.    Ledgewood denies the allegations in paragraph twenty-three as a conclusion of law.

24.    Ledgewood denies the allegations in paragraph twenty-four as a conclusion of law.

25.    Ledgewood is without sufficient information to form a belief as to the truth of the allegations in paragraph twenty-five and therefore denies them.

Count One:<br>(Negligence v. United States)

Ledgewood repeats and realleges its admissions, denials and statements in the preceding paragraphs as if fully stated at length herein.

26.    The allegations in this paragraph are directed to a defendant other than Ledgewood and are therefore denied.

Count Two:
(Negligence v. Dept. of the Navy)

Ledgewood repeats and realleges its admissions, denials and statements in the preceding paragraphs as if fully stated at length herein.

27.    The allegations in this paragraph are directed to a defendant other than Ledgewood and are therefore denied.

Count Three:
(Negligence v. Northeastern University)

Ledgewood repeats and realleges its admissions, denials and statements in the preceding paragraphs as if fully stated at length herein.

28.    The allegations in this paragraph are directed to a defendant other than Ledgewood and are therefore denied.

Count Four:
(Negligence v. Sasaki Associates)

Ledgewood repeats and realleges its admissions, denials and statements in the preceding paragraphs as if fully stated at length herein.

29.    The allegations in this paragraph are directed to a defendant other than Ledgewood and are therefore denied.

30.    The allegations in this paragraph are directed to a defendant other than Ledgewood and are therefore denied.

Count Five:
(Negligence v. Ledgewood Construction Company)

Ledgewood repeats and realleges its admissions, denials and statements in the preceding paragraphs as if fully stated at length herein.

31.    Ledgewood denies the allegations in paragraph thirty-one.

4

32.    Ledgewood denies the allegations in paragraph thirty-two.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

33.    Brookline's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

34.    Brookline's claims are barred because they contributed to the cause of the accident, and therefore, the damages, if any should be reduced in accordance with M.G.L. c. 231 § 85.

### THIRD AFFIRMATIVE DEFENSE

35.    Ledgewood denies management, supervision, inspection or testing, maintenance, ownership or control of the premises as alleged in Brookline's complaint.

### FOURTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' claims are barred because Brookline's damages, if any, were caused by persons over whom Ledgewood exercised no control and are therefore not legally responsible for.

### FIFTH AFFIRMATIVE DEFENSE

37.    Brookline's claims are barred because their damages were caused by their own acts or omissions.

### SIXTH AFFIRMATIVE DEFENSE

38.    Brookline's claims are barred by their own contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

39.    Brookline's claims are barred by the Statute of Limitations.

5

### EIGHTH AFFIRMATIVE DEFENSE

40.    Ledgewood states that Brookline was comparatively negligent, which proximately caused the damages alleged, and the negligence of the Brookline was greater than the total amount of negligence, if any, contributive to Ledgewood.

### NINTH AFFIRMATIVE DEFENSE

41.    Ledgewood states that the Brookline's employees voluntarily assumed the risk and therefore Brookline is barred from recovering for alleged damages.

### TENTH AFFIRMATIVE DEFENSE

42.    Ledgewood states that the injuries and damages alleged by Brookline was caused in whole or in part by Brookline's negligence to a degree greater than any alleged negligence of Ledgewood.

### ELEVENTH AFFIRMATIVE DEFENSE

43.    Ledgewood states the location of plaintiffs' incident giving rise to plaintiffs' claims, was not an area within the care, custody or control of Ledgewood, and therefore plaintiffs are barred from any recovery from Ledgewood.

### TWELVTH AFFIRMATIVE DEFENSE

44.    Ledgewood states that Brookline failed to exercise due care at the time of the accident.

**LEDGEWOOD RESERVES THE RIGHT TO ASSERT ADDITIONAL, DEFENSES, COUNTERCLAIMS, CROSSCLAIMS AND THIRD PARTY CLAIMS AS DISCOVERY PROGRESSES.**

**LEDGEWOOD DEMANDS A TRIAL BY JURY.**

WHEREFORE, Defendant, Ledgewood Construction Company, Inc. respectfully

requests:

     (a)    Enter judgment in its favor on all counts against Brookline's complaint;

     (b)    its costs and fees; and

     (c)    any other relief the Court deems just and proper.

        Respectfully submitted

        LEDGEWOOD CONSTRUCTION
        COMPANY, INC.


        /s/ Christopher Maffucci
        Terrance J. Hamilton, Esq.
        BBO# 218980
        Christopher Maffucci, Esq.
        BBO#645972
        Casner & Edwards, LLP
        303 Congress Street
        Boston, MA 02210
Dated:  March 7, 2005        (617) 426-5900

### CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon each
party via electronic filing and first-class mail on March 7, 2005.


        /s/ Christopher Maffucci
        Christopher Maffucci

3400.299/343489

7