UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -7 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| TOWN OF BROOKLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-CV-12003-EFH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| NORTHEASTERN UNIVERSITY, SASAKI | ) | |
| ASSOCIATES, INC., AND LEDGEWOOD | ) | |
| CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NORTHEASTERN UNIVERSITY'S MOTION FOR LEAVE TO FILE AND SERVE A THIRD-PARTY COMPLAINT

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, and Rule 7.1 of the Local Rules, Northeastern University respectfully moves this honorable Court for leave to file and serve a third-party complaint naming Split Boulder Construction Company, Inc. and PEDA, Inc. In support of the within motion, Northeastern University states as follows:

1.    This matter arises out of an accident which occurred on January 5, 2002.

2.    Plaintiff Town of Brookline has filed a complaint alleging that four firefighters suffered personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts. Plaintiff alleges that rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and to fall over onto the firefighters. Plaintiff further alleges that as a result of the accident, it is entitled to be indemnified for the reasonable hospital, medical, surgical, nursing, pharmaceutical and other medical expenses and costs incurred as the natural and proximate result of the accident, pursuant to M.G.L. c. 41 §§100 and 111.

3.    Split Boulder Construction Company, Inc. and PEDA, Inc. were directly involved in the extensive renovations to Parsons Field in 2001. Both entities were specifically involved in the relocation of the dugout in question.

4.    In view of their direct involvement in the relocation of the dugout in question, Split Boulder Construction Company, Inc. and PEDA, Inc. are or may be liable to Northeastern University for all or part of the plaintiff's claim against the University.

5.    The proposed third-party claims will not complicate or prolong the resolution of this matter. Rather, allowance of the third-party complaint will promote judicial economy and avoid the potential for inconsistent results among this case and related litigation, pending in this Court.

6.    A copy of the proposed Third-Party Complaint Of Northeastern University And Demand For Trial By Jury has been attached hereto, made a part hereof and marked "A."

WHEREFORE, in view of the foregoing, Northeastern University respectfully requests that this honorable Court allow the within motion and permit the filing and service of the Third-Party Complaint.

Respectfully submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Gerald F. Lucey, BBO#306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA  02109
(617) 778-7500
fax (617) 778-7501

Dated:  March 4, 2005

2

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, do hereby certify that on this date I served the foregoing "NORTHEASTERN UNIVERSITY'S MOTION FOR LEAVE TO FILE AND SERVE A THIRD-PARTY COMPLAINT" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

Joslin Murphy, Esq.
Associate Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA  02445-6863

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

DATED:  March 4, 2005

_Gerald F. Lucey_

Gerald F. Lucey

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TOWN OF BROOKLINE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE NAVY,<br>NORTHEASTERN UNIVERSITY<br>SASAKI ASSOCIATES, INC., AND<br>LEDGEWOOD CONSTRUCTION<br>COMPANY, INC.,<br><br>Defendants.<br>_____<br><br>NORTHEASTERN UNIVERSITY,<br><br>Defendant, Third-Party Plaintiff,<br><br>v.<br>SPLIT BOULDER CONSTRUCTION<br>COMPANY, INC. AND PEDA, INC.,<br><br>Third-Party Defendants. | C.A. No. 04-CV-12003-EFH |

## THIRD-PARTY COMPLAINT OF NORTHEASTERN
## UNIVERSITY AND DEMAND FOR TRIAL BY JURY

Defendant, Northeastern University ("the University") hereby asserts the following

Third-Party Complaint against Split Boulder Construction Company, Inc. and PEDA, Inc.:

### PARTIES

1.     The defendant/third-party plaintiff, Northeastern University, is a not-for-profit

charitable corporation, and is a private institution of higher learning established and existing

under the laws of the Commonwealth of Massachusetts.

"A"

2.    Upon information and belief the third-party defendant Split Boulder Construction Company, Inc. ("Split Boulder") is a Massachusetts Corporation with a principal place of business in Rockland, Massachusetts and is engaged in the business of construction and related services.

3.    Upon information and belief, the third-party defendant, PEDA, Inc. ("PEDA"), is a Massachusetts corporation with a usual place of business at 549 Columbian Street, South Weymouth, Massachusetts 02190, and is engaged in the business of providing consulting, engineering, construction management, and related services.

**JURISDICTION**

4.    This Court has original jurisdiction over the various claims against the United States of America (the "United States") pursuant to 28 U.S.C. § 1346(b).

5.    This Court has original jurisdiction over the various claims against the Department of the Navy (the "Navy") pursuant to 28 U.S.C. § 1346(b).

6.    This Court has supplemental jurisdiction over the various crossclaims in this matter pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and the various crossclaims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

7.    This Court has supplemental jurisdiction over the within third-party claims against third-party defendant Split Boulder pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and the third-party claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

8.     This Court has supplemental jurisdiction over the within third-party claims against third-party defendant PEDA pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and the third-party claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## ALLEGATIONS

9.     Plaintiff filed and served a Complaint as the result of an accident which occurred on January 5, 2002. A copy of that Complaint dated September 15, 2004 has been attached hereto, made a part hereof and marked "A."

10.     In its Complaint plaintiff alleges that four individuals employed by it as firefighters suffered serious personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts, and rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and fall over onto the firefighters.

11.     The test landing missing was in anticipation of a visit to Massachusetts by President George W. Bush on January 8, 2002 in connection with federal education reform legislation entitled "The No Child Left Behind Act of 2001."

12.     At all times material, Parsons Field was owned by Northeastern University.

13.     In 2001 Parsons Field underwent extensive renovations. In and around mid-2001 Split Boulder agreed to perform construction and related services in connection with the renovation, including the relocation of the dugout in question.

14.     In and around May 2001 PEDA agreed to perform construction management and engineering services in connection with the Parsons Field renovation project, including with respect to the relocation of the dugout in question.

3

15.    Plaintiff's Complaint alleges that pursuant to M.G.L. c. 41, § 100, it has indemnified each of the firefighters for their reasonable hospital, medical, surgical, nursing, pharmaceutical and other medical expenses and costs incurred as the natural and proximate result of the incident that occurred on January 5, 2002.

16.    Plaintiff's Complaint also alleges that pursuant to M.G.L. c. 41, § 111F, it has compensated and granted each of the firefighters leave without loss of pay during the period of their incapacity, and that it has incurred great expense and cost in replacing them with other members of the Brookline Fire Department.

17.    Plaintiff's Complaint further alleges that it made administrative claims for relief under the Federal Tort Claims Act to a number of Federal agencies including the Department of the Army, the United States Secret Service, and the Department of the Navy, that the Department of the Navy was designated to investigate and decide the merits of those claims, and that those claims have been denied.

## COUNT I
### (Indemnification against Split Boulder Construction Company, Inc.)

18.    Defendant/third-party plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraph 1 through 17 inclusive.

19.    The injuries and damages allegedly suffered by the plaintiff were caused by the negligence and breaches of warranty of the third-party defendant Split Boulder in furnishing and performing construction and related services in connection with the renovations to Parsons Field and to the dugout in question.

20.    The defendant/third-party plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of third-party defendant Split Boulder.  As a result, defendant/third-party

4

plaintiff Northeastern University is entitled to be indemnified by third-party defendant Split

Boulder for any judgment entered against Northeastern University in favor of the plaintiff,

together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern

University demands judgment against third-party defendant Split Boulder Construction

Company, Inc. in the amount of any judgment entered against Northeastern University in favor

of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT II
### (Contribution against Split Boulder Construction Company, Inc.)

21.    Defendant/third-party plaintiff Northeastern University repeats, realleges and

incorporates herein by reference the allegations set forth in paragraph 1 through 20 inclusive.

22.    If defendant/third-party plaintiff Northeastern University is found to be negligent,

which it denies, then third-party defendant Split Boulder is a joint tortfeasor and, as such, is

responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts

General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern

University demands judgment against third-party defendant Split Boulder Construction

Company, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiff, together

with interest, costs and attorneys' fees.

## COUNT III
### (Indemnification against PEDA, Inc.)

23.    Defendant/third-party plaintiff Northeastern University repeats, realleges and

incorporates herein by reference the allegations set forth in paragraph 1 through 17 inclusive.

24.    The injuries and damages allegedly suffered by the plaintiff were caused by the

negligence and breaches of warranty of the third-party defendant PEDA in furnishing and

providing consulting, engineering, construction management, and related services in connection with the renovations to Parsons Field and to the dugout in question.

25.    The defendant/third-party plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of third-party defendant PEDA. As a result, defendant/third-party plaintiff Northeastern University is entitled to be indemnified by third-party defendant PEDA for any judgment entered against Northeastern University in favor of the plaintiff, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern University demands judgment against third-party defendant PEDA, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT IV
### (Contribution against PEDA, Inc.)

26.    Defendant/third-party plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraph 1 through 17 and 23 through 25 inclusive.

27.    If defendant/third-party plaintiff Northeastern University is found to be negligent, which it denies, then third-party defendant PEDA is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern University demands judgment against third-party defendant PEDA, Inc. for the latter's pro rata

6

share of the entire liability, if any, to the plaintiff, together with interest, costs and attorneys'

fees.

## DEMAND FOR JURY TRIAL

Northeastern University hereby demands a trial by jury on all issues and claims so triable.

Respectfully Submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Gerald F. Lucey, BBO#306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
Tel.: (617) 778-7500
Fax: (617) 778-7501

Dated: March 4, 2005

7

EXHIBIT A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE TOWN OF BROOKLINE,

           Plaintiff

v.

THE UNITED STATES OF AMERICA,
DEPARTMENT OF THE NAVY,
NORTHEASTERN UNIVERSITY,
SASAKI ASSOCIATES, INC., AND
LEDGEWOOD CONSTRUCTION COMPANY, INC.,

           Defendants

**04 12003 EFH**

MAGISTRATE JUDGE Dowley

C.A. No. _____

RECEIPT # 58727
AMOUNT $.50
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F Cann
DATE 3/16/04

## COMPLAINT

### Parties

1.    The plaintiff, Town of Brookline (hereinafter referred to as "Brookline"), is a municipal corporation having its usual place of business at 333 Washington Street, Brookline, Massachusetts.

2.    Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley (hereinafter referred to as the "Firefighters"), are and at all times relevant to this matter were employed by Brookline as Firefighters.

3.    The defendant, United States of America, (the "United States") oversees and is responsible for the operation of the helicopters used to transport the President of the United States, for training the pilots of the Presidential helicopters, for drilling landings for the Presidential helicopters; for preparing for such landing drills, for supervising such landing drills; and for control of such helicopters' operation.

4.    Defendant Department of the Navy ("Navy") is a department of the defendant United States through Marine Helicopter Squadron One, HMX-1, oversees and is responsible

for the operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills, for supervising such landing drills; and for control of such helicopters' operation.

5.    Defendant Northeastern University is a Massachusetts University with a principal place of business in Boston, Massachusetts.

6.    Defendant Sasaki Associates, Inc., is a Massachusetts corporation with a principal place of business in Watertown, Massachusetts.

7.    Defendant Ledgewood Construction Company, Inc. is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

### Jurisdiction

8.    This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. s. 1346(b).

9.    This Court has jurisdiction over the claims against the Department of the Navy pursuant to 28 U.S.C. s. 1346(b).

10.    This Court has supplemental jurisdiction over Sasaki Associates, Inc. pursuant to 28 U.S.C. s. 1367(a).

11.    This Court has supplemental jurisdiction over Ledgewood Construction Co., Inc. pursuant to 28 U.S.C. s. 1367(a).

12.    The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

### Factual Allegations

13.    On January 5, 2002, a number of Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline.

2

14.    Coordinated by members of HMX-1, this rehearsal landing was planned in preparation for President George W. Bush's January 8, 2002 arrival in the area.

15.    In connection with this rehearsal landing, several members of the Brookline Fire Department, including the plaintiff Firefighters, were assigned to Northeastern University's Parsons Field in Brookline.   The Firefighters were stationed on foot near a dugout building (the "dugout") on the field.

16.    Parsons Field and the dugout near where the Firefighters were standing, are, and at all times relevant to these allegations were, owned and maintained by Northeastern University and were and are under Northeastern University's supervision and control.

17.    At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the rehearsal landing approached the ground on Parson's field.   As the helicopter neared the ground, its rotor wash blew the dugout from its supports and debris fell on and seriously injured the Firefighters.

18.    As a result of the incident, the Firefighters suffered severe injuries and were incapacitated from their employment as Brookline Firefighters.

19.    As part of a renovation project that took place in or around 2001, Sasaki Associates, Inc. (hereinafter referred to as "Sasaki") prepared plans that included removal and disposal of structures on and/or around Parsons Field, including the dugout.

20.    The 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc.,(hereinafter referred to as "Ledgewood").

21.    At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

22.    As a result of the aforesaid incident, the Firefighters were each caused to sustain severe personal injuries.   Each of them has incurred and will incur significant expense for medical care, and each of them has

3

been incapacitated from their employment as Brookline
Firefighters.

23.   Pursuant to M.G.L. c. 41, section 100, Brookline
has indemnified each of the Firefighters for their
reasonable hospital, medical, surgical, nursing,
pharmaceutical and other medical expenses and costs
incurred as the natural and proximate result of the
incident that occurred on January 5, 2002, at great expense
and cost.  A copy of M.G.L. c. 41, s. 100 is attached
hereto as exhibit 1.

24.   Pursuant to M.G.L. c. 41, s. 111F, Brookline has
compensated and granted each of the Firefighters leave
without loss of pay during the period of their incapacity,
and has incurred great expense and cost in replacing them
with other members of the Brookline Fire Department.   A
copy of M.G.L. c. 41, s. 111F is attached hereto as exhibit
2.

25.   Brookline made an administrative claim for relief
under the Federal Tort Claims Act to a number of Federal
agencies including the Department of the Army, the United
States Secret Service, and the Department of the Navy.   The
Department of the Navy was designated to investigate and
decide the merits of the claim, and has denied Brookline's
claim.  A copy of the Department of the Navy's letter of
denial dated March 24, 2004 is attached hereto and
incorporated herein by reference as Exhibit 3.

Count One
(Negligence Against the United States)

Brookline repeats and realleges paragraphs 1 through
25 of this Complaint and make them paragraphs 1 through 25
of this Count One as if each were repeated in whole.

26.   The Firefighters' injuries giving rise to
Brookline's obligations under M.G.L. c. 41, s. 100 and 111F
were caused entirely or in part by the negligence and
carelessness of the United States in the operation of the
helicopter(s) involved in the January 5, 2002 drill; in the
preparation for the drill, approach and landing; in the
supervision of the helicopters' operation and of the drill,
approach and attempted landing; and in the control of the
helicopters' operation and of the drill, approach and
attempted landing.

WHEREFORE, Brookline demands judgment against the United States.

Count Two
(Negligence against the Department of the Navy)

Brookline repeats and realleges paragraphs 1 through 26 of this Complaint and make them paragraphs 1 through 26 of this Count Two as if each were repeated in whole.

27. The Firefighters' injuries giving rise to Brookline's obligations under M.G.L. c. 41, sections 100 and 111F were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and attempted landing; and in the control of the helicopters' operation and of the drill, approach and attempted landing.

WHEREFORE, Brookline demands judgment against the Department of the Navy.

Count Three
(Negligence of Northeastern University)

Brookline repeats and realleges paragraphs 1 through 27 of this Complaint and make them paragraphs 1 through 27 of this Count Three as if each were repeated in whole.

28. The Firefighters' injuries giving rise to Brookline's obligations under G.L. c. 41, sections 100 and 111F were caused in whole or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parson's Field and the dugout, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Brookline demands judgment against Northeastern University.

5

Count Four
(Sasaki Associates, Inc.)

Brookline repeats and realleges paragraphs 1 through 28 of this Complaint and make them paragraphs 1 through 28 of this Count Four as if each were repeated in whole.

29.   The Firefighters injuries giving rise to Brookline's obligations under G.L. c. 41, s. 100 and 111F were caused in whole or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parson's Field, including the dugout.

30.   The Firefighters injuries giving rise to Brookline's obligations under M.G.L. c. 41, sections 100 and 111F were caused in whole or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parson's Field renovations, including the dugout.

WHEREFORE, Brookline demands judgment against Sasaki Associates, Inc.

Count Five
(Ledgewood Construction Company, Inc.)

Brookline repeats and realleges paragraphs 1 through 30 of this Complaint and make them paragraphs 1 through 30 of this Count Five as if each were repeated in whole.

31.   The Firefighters' injuries giving rise to Brookline's obligations under G.L. c. 41, sections 100 and 111F were caused in whole or in part by Ledgewood Consruction Company, Inc.'s negligence and carelessness in performing renovations to Parson's Field, including the dugout.

32.   The Firefighters' injuries giving rise to Brookline's obligations under M.G.L. c. 41, section 100 and 111F were caused in whole or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parson's Field renovations, including the dugout.

WHEREFORE, Brookline demands judgment against Ledgewood Construction Company, Inc.

## Prayer for Relief

WHEREFORE, the plaintiff, Town of Brookline, prays this Honorable Court to:

1.   Order the defendants, United States of America, Department of the Navy, Northeastern University, Sasaki Associates, Inc. and Ledgewood Construction Company, Inc., to jointly or severally pay Brookline all amounts for which Brookline has indemnified the Firefighters, Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelly, and all amounts that Brookline has paid or incurred as a result of the defendants' negligence and acts, including but not limited to, medical costs, compensation costs, injured on duty wages and replacement costs; and

2.   Order such other and further relief as this Court deems meet and proper.

THE TOWN OF BROOKLINE,
By its Attorney:

Joslin Murphy
BBO No. 553471
333 Washington Street
Brookline, MA 02446
(617) 730-2190

Dated:   September 15, 2004

7

# GENERAL LAWS OF MASSACHUSETTS

## PART I
## ADMINISTRATION OF THE GOVERNMENT

### TITLE VII.
### CITIES, TOWNS AND DISTRICTS

CHAPTER 41. OFFICERS AND EMPLOYEES OF CITIES, TOWNS AND DISTRICTS

### REGIONAL POLICE DISTRICTS

Chapter 41: Section 100 Indemnification of police officers, firemen and persons aiding them; actions for intentional or negligent injuries inflicted upon same

Section 100. Upon application by a fire fighter or police officer of a city, town or fire or water district, or in the event of the physical or mental incapacity or death of such fire fighter or police officer, by someone in his behalf, the board or officer of such city, town or district authorized to appoint fire fighters or police officers, as the case may be, shall determine whether it is appropriate under all the circumstances for such city, town or district to indemnify such fire fighter or police officer for his reasonable hospital, medical, surgical, chiropractic, nursing, pharmaceutical, prosthetic and related expenses and reasonable charges for chiropody (podiatry) incurred as the natural and proximate result of an accident occurring or of undergoing a hazard peculiar to his employment, while acting in the performance and within the scope of his duty without fault of his own. If such board or officer determines that indemnification is appropriate, such board or officer shall certify for payment, either directly or by way of reimbursement, by such city, town or district, in the same manner as a bill lawfully incurred by such board or officer but out of an appropriation for the purposes of clause (32) of section five of chapter forty, such of said expenses as may be specified in such certificate. Whenever such board or officer denies an application in whole or in part, such board or officer shall set forth in writing its or his reasons for such denial and cause a copy thereof to be delivered to the applicant. At any time

within two years after the filing of an application as aforesaid, an applicant aggrieved by any denial of his application or by the failure of such board or officer to act thereon within six months from the filing thereof may petition the superior court in equity to determine whether such board or officer has without good cause failed to act on such an application or, in denying the application, in whole or in part, has committed error of law or has been arbitrary or capricious, or has abused its or his discretion, or otherwise has acted not in accordance with law. After due notice and hearing, such court may order such board or officer to act on such application or to consider, or further consider, and determine the same in conformity with law.

Notwithstanding the provisions of section one hundred A or section one hundred D or any contrary provisions of any other general or special law, a city or town shall indemnify a police officer or fire fighter, to the extent and in the manner herein provided and subject to the same limitations, for expenses or damages incurred by him in the defence or settlement of a claim against him for acts done by him while operating a motor vehicle as such police officer or fire fighter.

For the purposes of this section, call firemen and volunteer firemen shall be considered fire fighters. This section shall be construed to require a city, town or district to indemnify, in the manner and to the extent herein provided, any fire fighter or police officer who is assigned to special duty by a superior officer for expenses or damages sustained by such fire fighter or police officer in the performance of such duty, whether or not he is paid for such special duty by the city, town or district, or otherwise. This section shall also be construed to require a city, town or fire or water district to pay compensation, in the manner herein provided, for damages, including loss of pay, for personal injuries, whether or not death results, and for property damage sustained by a person while assisting a police officer thereof in the discharge of his duty upon his requirement, and to require a city, town or fire or water district to indemnity in the manner herein provided a person required to assist a police officer in the performance of his

duty for expenses or damages incurred by such person in the defence or settlement of an action against him for acts done by him while so assisting such police officer.

In any city which by ordinance shall so provide, the powers vested, and duties imposed, by this section upon the board or officer authorized to appoint police officers, firemen or members of the fire department of such city shall be exercised and performed by a majority of the members of a panel consisting of (a) such officer or the chairman of such board, (b) the city solicitor or other officer having similar duties or a person designated in writing by such solicitor or officer to act for him, and (c) such physician as the city manager or, if there is none, the mayor shall in writing appoint.

In any town which by by-law shall so provide, the powers vested, and duties imposed, by this section upon the board or officer authorized to appoint fire fighters in such town shall be exercised and performed by a majority of the members of a panel consisting of (a) such officer or the chairman of such board, (b) the town counsel or other officer having similar duties or a person designated in writing by such counsel or officer to act for him, and (c) such physician as the board of selectmen shall in writing appoint.

Where the injury for which any payment is made under the provisions of this section by a city, town or fire or water district for reasonable hospital, medical, surgical, chiropractic, nursing, pharmaceutical, prosthetic and related expenses and reasonable charges for chiropody (podiatry) was caused under circumstances creating a legal liability in some person to pay damages in respect thereof, either the person so injured or the city, town or fire or water district making such payment may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the city, town or fire or water district making such payment, unless the sum is greater than such payment, in the event the excess shall be retained by or paid to the person so injured. For the purposes of this section, ""excess" shall mean the amount by which the total sum received in payment for the injury, exclusive of

interest and costs, exceeds the amount paid under this section. The party bringing the action shall be entitled to any costs recovered by him. Any interest received in such action shall be apportioned between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively, exclusive of interest and costs. The expense of any attorney's fees shall be divided between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively.

Whoever intentionally or negligently injures a firefighter or police officer for which he is paid indemnification under this section shall be liable in tort to the city, town or fire or water district for the amount of indemnification so paid.

# GENERAL LAWS OF MASSACHUSETTS

## PART I
## ADMINISTRATION OF THE GOVERNMENT

## TITLE VII.
## CITIES, TOWNS AND DISTRICTS

### CHAPTER 41. OFFICERS AND EMPLOYEES OF CITIES, TOWNS AND DISTRICTS

### HOLIDAYS AND VACATIONS
### Chapter 41: Section 111F Leave with pay for incapacitated employees

Section 111F. Whenever a police officer or fire fighter of a city, town, or fire or water district is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, or a police officer or fire fighter assigned to special duty by his superior officer, whether or not he is paid for such special duty by the city or town, is so incapacitated because of injuries so sustained, he shall be granted leave without loss of pay for the period of such incapacity; provided, that no such leave shall be granted for any period after such police officer or fire fighter has been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers or fire fighters in such city, town or district determines that such incapacity no longer exists. All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter. This section shall also apply to any member of a fire department who is subject to the provisions of chapter one hundred and fifty-two if he is injured at a fire and if he waives the provisions of said chapter. The provisions of this section shall also apply in all respects to any permanent crash crewman, crash boatman, fire controlman or assistant fire controlman employed at the General Edward Lawrence Logan International Airport, and for the purposes of this section the Massachusetts Port Authority shall be deemed to be a fire district.

Where the injury causing the incapacity of a firefighter or police officer for which he is granted a leave without loss of pay and is paid compensation in accordance with the provisions of this section, was caused under circumstances creating a legal liability in

some person to pay damages in respect thereof, either the person so injured or the city, town or fire or water district paying such compensation may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the city, town or fire or water district paying such compensation, unless the sum is greater than the compensation paid to the person so injured, in which event the excess shall be retained by or paid to the person so injured. For the purposes of this section, ""excess" shall mean the amount by which the total sum received in payment for the injury, exclusive of interest and costs, exceeds the amount paid under this section as compensation to the person so injured. The party bringing the action shall be entitled to any costs recovered by him. Any interest received in such action shall be apportioned between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively, inclusive of interest and costs. The expense of any attorney's fees shall be divided between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively.

Whoever intentionally or negligently injures a firefighter or police officer for which he is granted a leave without loss of pay and is paid compensation in accordance with the provisions of this section shall be liable in tort to the city, town or fire or water district paying such compensation for all costs incurred by such city, town or fire or water district in replacing such injured police officer or firefighter which are in excess of the amount of compensation so paid.



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE
MID-ATLANTIC
9620 MARYLAND AVENUE, SUITE 100
NORFOLK, VIRGINIA 23511-2989

5890
Ser 03/ 0 8 8

MAR 2 4 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Office of Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA 02445-6863

Dear Sir or Madam:

SUBJ: FEDERAL TORT CLAIM ARISING ON JANUARY 5, 2002 AT NORTHEASTRN
UNIVERSITY, 02-FTA-558

This responds to the Town's claim in the amount of one million three thousand six
hundred twenty-two dollars and thirty-two cents ($1,003,622.32) for indemnification for
payments made to firefighters Babcock, Kelley, Gregorio, and Canney who are
employees of the Town of Brookline. The firefighters were injured when a dugout,
owned and maintained by Northeastern University, overturned on January 5, 2002 at the
athletic field complex on the university campus.

It is our understanding the Town filed claims against other Federal agencies, including
the Department of the Army, the Department of the Air Force, and the United States
Secret Service. Pursuant to 28 C.F.R. §14.2, when more than one Federal agency is
involved in the events giving rise to the claim, they will designate a single agency to
investigate and decide the merits of the claim. The United States Navy was designated
as that agency and, as such, is responsible for the final administrative determination of
the claim.

A thorough examination of the facts available indicates the United States is not liable
under the Federal Tort Claims Act ("FTCA"). The FTCA allows individuals to seek
compensation from the United States when damage is caused by negligent or wrongful
acts or omissions of government employees acting within the scope of their employment.
Our investigation and analysis of this claim finds that there is no negligence on the part
of any government employee. Accordingly, the Town's claim is denied.

If the Town does not agree with this decision, be advised that it has six months from the
date of mailing of this letter to file suit in the appropriate Federal District Court. My

point of contact for this claim is Kyle Guess, Tort Claims Attorney. If you have any
questions, he may be reached at (757) 444–5341.

Sincerely,

MICHAEL E. MCGREGOR
Captain, United States Navy
Judge Advocate General's Corps
Commanding Officer

cc:

Army Claims Service
4411 Llewllyn Ave.
Ft. Meade, MD 20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA 01731-2125

Office of Chief Counsel
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   The Town of Brookline v. The United
States of America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,       04 12003 EFH
           690, 810, 861-865, 870, 871, 875, 900.

☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Frederick Babcock, et al. v. United States of America - 1:04-cv-11413 {}{}{}

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                              YES ☐     NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES ☐     NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES ☐     NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                              YES ☒     NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  ☒        Central Division  ☐        Western Division  ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  ☐        Central Division  ☐        Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                              YES ☐     NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Joslin Murphy, Associate Town Counsel

ADDRESS   333 Washington Street, Brookline, MA 02445

TELEPHONE NO.   617-730-2190

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Town of Brookline

**DEFENDANTS**
The United States of America, Department of the Navy
Northeastern University (See Attachment)

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joslin Murphy, Associate Town Counsel
Town of Brookline        Tel:
333 Washington Street    617-730-2190
Brookline, MA 02445

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | or Defendant) | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Tort Claims Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Edward J. Harrington        DOCKET NUMBER #1:04-cv-11413

DATE
9/15/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, do hereby certify that on this date I served the foregoing "THIRD-PARTY COMPLAINT OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

Joslin Murphy, Esq.
Associate Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA  02445-6863

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

DATED:  March 4, 2005

Gerald F. Lucey

8