UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIVED
Clerk's Office
USDC, Mass.
Date 3-14-05
By _____
Deputy Clerk

| | |
|---|---|
| THE TOWN OF BROOKLINE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:04-CV-12003 EFH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### ANSWER OF DEFENDANT UNITED STATES OF AMERICA
### TO PLAINTIFF'S COMPLAINT

For its Answer, the United States of America responds to the allegations contained in Plaintiff's Complaint in similarily numbered paragraphs as follows:

1-2. The allegations contained in paragraphs 1 and 2 are denied for lack of knowledge and information.

3. To the extent that paragraph 3 alleges that the United States was responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 3 are denied. The remaining allegations in paragraph 3 are admitted.

4. To the extent that paragraph 4 alleges that the United States Navy was responsible for supervising the activities of individuals not employed by the

federal government, the allegations of paragraph 4 are denied. The remaining allegations in paragraph 4 are admitted.

5-7. The allegations contained in paragraphs 5 through 7 are denied for lack of knowledge and information.

8. Paragraph 8 contains a conclusion of law to which no response is required. To the extent that paragraph 8 is deemed to contain allegations of material fact, such allegations are denied.

9. Paragraph 9 contains a conclusion of law to which no response is required. However, the United States notes that the Plaintiffs' conclusion is incorrect. This Court has no jurisdiction over claims against the United States Navy. The only proper defendant in an action brought pursuant to 28 U.S.C. § 1346(b) is the United States. To the extent that paragraph 9 is deemed to contain allegations of material fact, such allegations are denied.

10-11. Paragraphs 10 and 11 contain conclusions of law to which no response is required. To the extent that paragraphs 10 and 11 are deemed to contain allegations of material fact, such allegations are denied for lack of knowledge and information.

12. The allegations contained in paragraph 12 are denied for lack of knowledge and information.

13. Admitted

14. To the extent that paragraph 14 alleges that the United States, or any of its employees, was responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 14 are denied. The remaining allegations in paragraph 14 are admitted.

15. Admitted.

16. The allegations contained in paragraph 16 are denied for lack of knowledge and information.

17. The United States admits only that one of the helicopters approached Parson's Field at approximately 5:10 p.m. on January 5, 2002 and that, at some point, the first base dugout slid off of its foundation on top of firefighters Babcock, Canney, Gregorio, and Kelley. Any remaining allegation in paragraph 17 is denied for lack of knowledge and information.

18-24. The allegations contained in paragraphs 18 through 24 are denied for lack of knowledge and information.

25. Admitted.

## Count One

The United States repeats its responses to paragraphs 1 through 25 of this Complaint and makes those responses paragraphs 1 through 25 of Count One as if each response were set forth in whole.

26.     The United States denies all allegations of negligence on the part of itself, its agencies, and its employees. All preparations for the landing and all helicopter operations associated with the landing were performed in a prudent fashion.

WHEREFORE, Plaintiff Brookline is not entitled to a judgment against the United States.

### Count Two

The United States repeats its responses to paragraphs 1 through 26 of the Complaint and makes those responses paragraphs 1 through 26 of Count Two as if each response were set forth in whole.

27.     The United States denies all allegations of negligence on the part of itself, its agencies, and its employees. All preparations for the landing and all helicopter operations associated with the landing were performed in a prudent fashion. The United States Navy is not a proper defendant and cannot be sued in this action. Any claim alleging negligence on the part of the United States Navy, or its employees, must be brought against the United States.

WHEREFORE, Plaintiff Brookline is not entitled to a judgment against the United States Navy.

**Count Three**

The United States repeats its responses to paragraphs 1 through 27 of the Complaint and makes those responses paragraphs 1 through 27 of Count Three as if each response were set forth in whole.

28.  Paragraph 28 contains factual allegations which are directed at a defendant other than the United States. To the extent that the factual allegations contained in paragraph 28 are directed against United States, those allegations are denied for lack of knowledge and information.

**Count Four**

The United States repeats its responses to paragraphs 1 through 28 of the Complaint and makes those responses paragraphs 1 through 28 of Count Four as if each response were set forth in whole.

29-30.  Paragraphs 29 and 30 contain factual allegations which are directed at a defendant other than the United States. To the extent that the factual allegations in paragraphs 29 and 30 are directed against United States, those allegations are denied for lack of knowledge and information.

**Count Five**

The United States repeats its responses to paragraphs 1 through 30 of the Complaint and makes those responses paragraphs 1 through 30 of Count Five as if each response were set forth in whole.

31-32. Paragraphs 31 and 32 contain factual allegations which are directed at a defendant other than the United States. To the extent that the factual allegations in paragraphs 31 and 32 are directed against United States, those allegations are denied for lack of knowledge and information.

## AFFIRMATIVE AND OTHER DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted against the United States.

2.  The Court lacks jurisdiction under the Federal Tort Claims Act (FTCA) for claims brought against the United States Navy. 26 U.S.C. § 2679(a).

3.  Plaintiff's claims are barred by the discretionary function exception to the FTCA. 26 U.S.C. § 2680(a).

3.  The injuries to Plaintiff's firefighters were caused by the negligent conduct of persons or entities other than the United States who failed to secure the first base dugout properly to its foundation.

4.  The intentional, willful, wanton, reckless, careless, grossly negligent, and/or negligent conduct of others over whom the United States had no control was an intervening and superseding cause of the injuries to Plaintiff's firefighters.

5.  The injuries to Plaintiff's firefighters are the result, in whole or in part, or their own contributory negligence and such negligence bars and/or diminishes Plaintiff's recovery against the United States.

6.  In the event that Plaintiff obtains a recovery against the United States, the amount of that recovery may not exceed the amount of compensation claimed on Plaintiff's administrative claim form.

7.  In the event that Plaintiff obtains a recovery against the United States, the United States is entitled to a set-off, against that recovery, of all amounts received by Plaintiff from collateral sources and/or other tortfeasors or responsible parties, in accordance with applicable state and federal law.

WHEREFORE, the United States demands the dismissal of Plaintiff's Complaint against Defendant United States with costs, and such other relief as this Court may deem proper.

Dated: March _11_, 2005

                                      Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                                      BARBARA HEALY SMITH
                                      Assistant United States Attorney

_____
MATTHEW A. CONNELLY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Answer of Defendant United States of America were sent via first class mail, postage pre-paid, this ___ day of March, 2005, addressed to the following counsel of record:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110

Joslin Murphy
Associate Town Counsel
333 Washington Street
Brookline, MA 02445-6863

David J. Hatem, Esq.
Warren D. Hutchinson, Esq.
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA 02360

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA 02109

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

_____
MATTHEW A. CONNELLY

8