UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF BROOKLINE,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE NAVY,<br>NORTHEASTERN UNIVERSITY<br>SASAKI ASSOCIATES, INC., AND<br>LEDGEWOOD CONSTRUCTION<br>COMPANY, INC.,<br><br>            Defendants. | C.A. No. 04-CV-12003-EFH |
| NORTHEASTERN UNIVERSITY,<br><br>            Defendant, Third-Party Plaintiff,<br><br>v.<br>SPLIT BOULDER CONSTRUCTION<br>COMPANY, INC. AND PEDA, INC.,<br><br>            Third-Party Defendants. | |

## THIRD-PARTY COMPLAINT OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY

Defendant, Northeastern University ("the University") hereby asserts the following

Third-Party Complaint against Split Boulder Construction Company, Inc. and PEDA, Inc.:

### PARTIES

1.    The defendant/third-party plaintiff, Northeastern University, is a not-for-profit

charitable corporation, and is a private institution of higher learning established and existing

under the laws of the Commonwealth of Massachusetts.

2.      Upon information and belief the third-party defendant Split Boulder Construction
Company, Inc. ("Split Boulder") is a Massachusetts Corporation with a principal place of
business in Rockland, Massachusetts and is engaged in the business of construction and related
services.

3.      Upon information and belief, the third-party defendant, PEDA, Inc. ("PEDA"), is
a Massachusetts corporation with a usual place of business at 549 Columbian Street, South
Weymouth, Massachusetts 02190, and is engaged in the business of providing consulting,
engineering, construction management, and related services.

## JURISDICTION

4.      This Court has original jurisdiction over the various claims against the United
States of America (the "United States") pursuant to 28 U.S.C. § 1346(b).

5.      This Court has original jurisdiction over the various claims against the
Department of the Navy (the "Navy") pursuant to 28 U.S.C. § 1346(b).

6.      This Court has supplemental jurisdiction over the various crossclaims in this
matter pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the
claims against the United States and the Navy and the various crossclaims "are so related to
claims in the action within such original jurisdiction that they form part of the same case or
controversy."

7.      This Court has supplemental jurisdiction over the within third-party claims
against third-party defendant Split Boulder pursuant to 28 U.S.C. § 1367(a) because this Court
has original jurisdiction over the claims against the United States and the Navy and the third-
party claims "are so related to claims in the action within such original jurisdiction that they form
part of the same case or controversy."

8.      This Court has supplemental jurisdiction over the within third-party claims against third-party defendant PEDA pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and the third-party claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## ALLEGATIONS

9.      Plaintiff filed and served a Complaint as the result of an accident which occurred on January 5, 2002. A copy of that Complaint dated September 15, 2004 has been attached hereto, made a part hereof and marked "A."

10.     In its Complaint plaintiff alleges that four individuals employed by it as firefighters suffered serious personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts, and rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and fall over onto the firefighters.

11.     The test landing missing was in anticipation of a visit to Massachusetts by President George W. Bush on January 8, 2002 in connection with federal education reform legislation entitled "The No Child Left Behind Act of 2001."

12.     At all times material, Parsons Field was owned by Northeastern University.

13.     In 2001 Parsons Field underwent extensive renovations. In and around mid-2001 Split Boulder agreed to perform construction and related services in connection with the renovation, including the relocation of the dugout in question.

14.     In and around May 2001 PEDA agreed to perform construction management and engineering services in connection with the Parsons Field renovation project, including with respect to the relocation of the dugout in question.

3

15.     Plaintiff's Complaint alleges that pursuant to M.G.L. c. 41, § 100, it has indemnified each of the firefighters for their reasonable hospital, medical, surgical, nursing, pharmaceutical and other medical expenses and costs incurred as the natural and proximate result of the incident that occurred on January 5, 2002.

16.     Plaintiff's Complaint also alleges that pursuant to M.G.L. c. 41, § 111F, it has compensated and granted each of the firefighters leave without loss of pay during the period of their incapacity, and that it has incurred great expense and cost in replacing them with other members of the Brookline Fire Department.

17.     Plaintiff's Complaint further alleges that it made administrative claims for relief under the Federal Tort Claims Act to a number of Federal agencies including the Department of the Army, the United States Secret Service, and the Department of the Navy, that the Department of the Navy was designated to investigate and decide the merits of those claims, and that those claims have been denied.

**COUNT I**
**(Indemnification against Split Boulder Construction Company, Inc.)**

18.     Defendant/third-party plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraph 1 through 17 inclusive.

19.     The injuries and damages allegedly suffered by the plaintiff were caused by the negligence and breaches of warranty of the third-party defendant Split Boulder in furnishing and performing construction  and related services in connection with the renovations to Parsons Field and to the dugout in question.

20.     The defendant/third-party plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of third-party defendant Split Boulder.  As a result, defendant/third-party

4

plaintiff Northeastern University is entitled to be indemnified by third-party defendant Split

Boulder for any judgment entered against Northeastern University in favor of the plaintiff,

together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern

University demands judgment against third-party defendant Split Boulder Construction

Company, Inc. in the amount of any judgment entered against Northeastern University in favor

of plaintiffs, together with interest, costs and attorneys' fees.

**COUNT II**
**(Contribution against Split Boulder Construction Company, Inc.)**

21.     Defendant/third-party plaintiff Northeastern University repeats, realleges and

incorporates herein by reference the allegations set forth in paragraph 1 through 20 inclusive.

22.     If defendant/third-party plaintiff Northeastern University is found to be negligent,

which it denies, then third-party defendant Split Boulder is a joint tortfeasor and, as such, is

responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts

General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern

University demands judgment against third-party defendant Split Boulder Construction

Company, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiff, together

with interest, costs and attorneys' fees.

**COUNT III**
**(Indemnification against PEDA, Inc.)**

23.     Defendant/third-party plaintiff Northeastern University repeats, realleges and

incorporates herein by reference the allegations set forth in paragraph 1 through 17 inclusive.

24.     The injuries and damages allegedly suffered by the plaintiff were caused by the

negligence and breaches of warranty of the third-party defendant PEDA in furnishing and

5

providing consulting, engineering, construction management, and related services in connection with the renovations to Parsons Field and to the dugout in question.

25.     The defendant/third-party plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of third-party defendant PEDA.  As a result, defendant/third-party plaintiff Northeastern University is entitled to be indemnified by third-party defendant PEDA for any judgment entered against Northeastern University in favor of the plaintiff, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern University demands judgment against third-party defendant PEDA, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

### COUNT IV
### (Contribution against PEDA, Inc.)

26.     Defendant/third-party plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraph 1 through 17 and 23 through 25 inclusive.

27.     If defendant/third-party plaintiff Northeastern University is found to be negligent, which it denies, then third-party defendant PEDA is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern University demands judgment against third-party defendant PEDA, Inc. for the latter's pro rata

6

share of the entire liability, if any, to the plaintiff, together with interest, costs and attorneys'
fees.

## DEMAND FOR JURY TRIAL

Northeastern University hereby demands a trial by jury on all issues and claims so triable.

Respectfully Submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Gerald F. Lucey, BBO#306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
Tel.: (617) 778-7500
Fax: (617) 778-7501

Dated:  March 4, 2005

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, do hereby certify that on this date I served the foregoing "THIRD-PARTY COMPLAINT OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

Joslin Murphy, Esq.
Associate Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA  02445-6863

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

DATED:  March 4, 2005

Gerald F. Lucey