UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE TOWN OF BROOKLINE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:04-CV-12003 EFH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNITED STATES OF AMERICA'S ANSWER
TO NORTHEASTERN UNIVERSITY'S CROSS-CLAIMS**

For its Answer, the United States of America responds to the allegations contained in Northeastern University's Cross-Claims in similarly numbered paragraphs as follows:

1-2.   The allegations contained in paragraphs 1 and 2 are denied for lack of knowledge and information.

3.   To the extent that paragraph 3 alleges that the United States was responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 3 are denied. The remaining allegations in paragraph 3 are admitted.

4.   To the extent that paragraph 4 alleges that the United States Navy was responsible for supervising the activities of individuals not employed by the

federal government, the allegations of paragraph 4 are denied. The remaining allegations in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are denied for lack of knowledge and information.

6. Paragraph 6 contains a conclusion of law to which no response is required. To the extent that paragraph 6 is deemed to contain allegations of material fact, such allegations are denied.

7. Paragraph 7 contains a conclusion of law to which no response is required. However, the United States notes that conclusion is incorrect. This Court has no jurisdiction over claims against the United States Navy. The only proper defendant in an action brought pursuant to 28 U.S.C. § 1346(b) is the United States. To the extent that paragraph 7 is deemed to contain allegations of material fact, such allegations are denied.

8. Paragraph 8 contains a conclusion of law to which no response is required. To the extent that paragraph 8 is deemed to contain allegations of material fact, such allegations are denied.

9. The allegations contained in paragraph 9 are denied for lack of knowledge and information.

10. Admitted

11. The United States admits only that paragraph 11 of the Cross-Claim correctly summarizes some of the allegations contained in the Plaintiff's Complaint. The United States denies those allegations for lack of knowledge and information.

12. Admitted.

13. To the extent that paragraph 13 alleges that the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 13 are denied. The remaining allegations in paragraph 13 are admitted.

14. To the extent that paragraph 14 alleges that the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 14 are denied. The remaining allegations in paragraph 14 are admitted.

15. Denied. Various aspects of the January 5, 2002 rehearsal landing at Parsons Field were planned and carried out by employees of several agencies within the executive branch of the United States government. Pilots from both the Marine Corps and the Army National Guard flew the military helicopters that took part in this rehearsal.

16-17. The allegations contained in paragraphs 16 and 17 are denied for lack of knowledge and information.

## COUNT I

18.  The United States repeats and incorporates its responses to paragraphs 1 through 17 of this Cross-Claim as if each response were set forth in whole.

19.  Denied.

20.  Denied.

WHEREFORE, Defendant/Cross-Claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT II

21.  The United States repeats and incorporates its responses to paragraphs 1 through 17 of this Cross-Claim as if each response were set forth in whole.

22.  Denied.

WHEREFORE, Defendant/Cross-Claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT III

23.  The United States repeats and incorporates its responses to paragraphs 1 through 17 of this Cross-Claim as if each response were set forth in whole.

24.  Denied.

25. Denied.

WHEREFORE, Defendant/Cross-Claimant Northeastern University is not entitled to a judgment against the United States Navy.

## COUNT IV

26. The United States repeats and incorporates its responses to paragraphs 1 through 17 of this Cross-Claim as if each response were set forth in whole.

27. Denied.

WHEREFORE, Defendant/Cross-Claimant Northeastern University is not entitled to a judgment against the United States Navy.

## COUNT V

28. The United States repeats and incorporates its responses to paragraphs 1 through 17 of this Cross-Claim as if each response were set forth in whole.

29-30. Paragraphs 29 and 30 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 29 and 30 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VI

31.     The United States repeats and incorporates its responses to paragraphs 1 through 17 of this Cross-Claim as if each response were set forth in whole.

32.     Paragraph 32 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 32 are directed against United States, those allegations are denied for lack of knowledge and information.

33.     Any allegations not specifically addressed are denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted against the United States.

2.      The Court lacks jurisdiction under the Federal Tort Claims Act (FTCA) for claims brought against the United States Navy. 26 U.S.C. § 2679(a).

3.      The Cross-Claims are barred by the discretionary function exception to the FTCA. 26 U.S.C. § 2680(a).

4.      The injuries to the Plaintiff's firefighters were caused by the negligent conduct of persons or entities other than the United States who failed to secure the first base dugout properly to its foundation.

5.   The intentional, willful, wanton, reckless, careless, grossly negligent, and/or negligent conduct of others over whom the United States had no control was an intervening and superseding cause of the injuries to the Plaintiff's firefighters.

6.   The injuries to the Plaintiff's firefighters are the result, in whole or in part, or their own contributory negligence and such negligence bars and/or diminishes Cross-Claimant's recovery against the United States.

7.   In the event that Cross-Claimant obtains a recovery against the United States, the amount of that recovery may not exceed the amount of compensation claimed on the Plaintiff's administrative claim form.

8.   In the event that the Cross-Claimant obtains a recovery against the United States, the United States is entitled to a set-off, against that recovery, of all amounts received by Cross-Claimant from collateral sources and/or other tortfeasors or responsible parties, in accordance with applicable state and federal law.

WHEREFORE, the United States demands the dismissal of Northeastern University's Cross-Claims against the United States with costs, and such other relief as this Court may deem proper.

Dated: April 14, 2005

                                            Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                            BARBARA HEALY SMITH
                                            Assistant United States Attorney

    /s/ Matthew A. Connelly
MATTHEW A. CONNELLY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the United States of America's Answer to Northeastern University's Cross-Claims were sent via first class mail, postage pre-paid, this 14th day of April, 2005, addressed to the following counsel:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Joslin Murphy
Associate Town Counsel
333 Washington Street
Brookline, MA 02445-6863

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA  02109

David J. Hatem, Esq.
Warren D. Hutchinson, Esq.
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

    /s/ Matthew A. Connelly
MATTHEW A. CONNELLY