UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF BROOKLINE,<br>    PLAINTIFF<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL,<br>    DEFENDANTS. | CA NO 1:04-cv-12003-EFH |
| FREDERICK BABCOCK, ET AL.,<br>    PLAINTIFFS,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL,<br>    DEFENDANTS. | CA NO 1:04-cv-11413-EFH |

## MEMORANDUM IN SUPPORT OF MOTION OF THE
## TOWN OF BROOKLINE FOR CONSOLIDATION OF RELATED ACTIONS

Movant Town of Brookline (the "Movant" herein), respectfully submits this memorandum in support of its motion for consolidation of related actions.

**I.      BACKGROUND**

This is an action that arises from an accident that occurred on January 5, 2002 at Northeastern University's Parsons Field in the Town of Brookline during a rehearsal helicopter landing conducted in anticipation of a Presidential visit to the area. As a result of the accident, four Town of Brookline Firefighters were seriously injured. By their action, the Firefighters are seeking damages related to the accident. The Town of Brookline seeks indemnification for the costs related to the Firefighters' injuries pursuant to G.L. c. 41, §§100 and 111F.

## II. PROCEDURAL HISTORY

The Plaintiff Firefighters, Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley, commenced case number 1:04-cv-11413-EFH, the first-filed related case, on June 22, 2004. The Town of Brookline commenced case number 1:04-cv-12003-EFH on September 16, 2004.

## III. ARGUMENT

### A. The Related Actions Should be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

These suits are ideally suited to consolidation because their consolidation will expedite proceedings, reduce duplication and minimize the expenditure of time and money by all concerned. *See Equity Funding*, 416 F. Supp. at 176; *Aronson*, 79 F. Supp. 2d at 1150. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See Equity Funding*, 416 F. Supp. at 176.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same cause of action, and is based on the same wrongful course of conduct. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and

similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

        Respectfully submitted,
        *Town of Brookline*
        By its Attorney:

        /s/ Joslin Murphy
        Joslin Murphy
        BBO No. 553471
        Associate Town Counsel
        333 Washington Street
        Brookline, MA 02445